In re COLONIAL REALTY COMPANY,
Jonathan Googel, Benjamin Sisti,
Consolidated Debtors.

Hal M. HIRSCH, As Trustee of the Consolidated Estate of Colonial Realty Company, Jonathan Googel, and Benjamin Sisti, Debtors, Plaintiff,

v.

KELLEY, DRYE & WARREN,
L.L.P., Defendant.

Bankruptcy No. 90–21980.
Adversary No. 93–6037.

United States Bankruptcy Court,
D. Connecticut.

Dec. 16, 1997.

**324**

David M. Pollack, Gainsburg & Hirsch, L.L.P., New York City, for Plaintiff.

James E. Nealon, Kelley, Drye & Warren, L.L.P., Stamford, CT, for Defendant.

### ORDER DENYING AS UNTIMELY FILED DEFENDANT'S MOTION FOR RECONSIDERATION

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

#### I.

The court, on October 7, 1997, filed a "Ruling and Order" partially denying the motion of Kelley, Drye & Warren LLP (the "defendant") for summary judgment in the above-entitled adversary proceeding. The defendant, on October 20, 1997, moved the court "[p]ursuant to Rule 9(e)"[1] of the Local Rules of the United States District Court for the District of Connecticut, to reconsider the Ruling and Order. Hal M. Hirsch, trustee (the "plaintiff"), on November 13, filed a Response to the defendant's motion for reconsideration contending, *inter alia*, that the motion was untimely in that, as required by Loc.R.Civ.P. 9(e), the motion was not filed within 10 days of the filing of the Ruling and Order.

The defendant, on November 28, 1997, filed a Reply, pursuant to Loc.R.Civ.P. 9(g)[2], to the plaintiff's Response, asserting that it had timely filed its motion for reconsideration. The Reply itself was untimely filed, having been filed more than seven days after the filing of the Response, but the court will consider the arguments advanced. Relying on Fed.R.Civ.P. 6(a)[3], the defendant argues that *intermediate weekends and the Columbus Day holiday are not included in calculating the 10–day period provided under Loc. R.Civ.P. 9(e)*, so that its October 20, 1997 motion for reconsideration was timely filed. Furthermore, the defendant claims that Fed. R.Civ.P. 6(e) enlarged its time to respond by an additional three days.[4]

#### II.

■ Defendant's arguments as to timeliness of filing are futile. Fed.R.Bankr.P. 9006, not Fed.R.Civ.P. 6, applies in bankruptcy proceedings. *See* Advisory Committee Note to Rule 9006 ("This rule is an adaptation of Rule 6 F.R.Civ.P. It governs the time for acts to be done and proceedings to be had in cases under the Code and any litigation arising therein.") Bankruptcy Rule

---

1. Loc.R.Civ.P. 9(e) provides that "[m]otions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought...." All Local Rules of Civil Procedure of the United States District Court for the District of Connecticut apply in the Bankruptcy Court insofar as they are relevant and not inconsistent with the Bankruptcy Code or the Bankruptcy Rules. *See* Loc. R.Bankr.P. 1001–1(b).

2. Loc.R.Civ.P. 9(g) provides that "[i]f a party wishes to file a reply brief, the reply brief must be filed within seven (7) days of the filing of the responsive brief to which reply is being made."

3. Fed.R.Civ.P. 6(a) provides that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule..., 'legal holiday' includes...Columbus Day...."

4. Fed.R.Civ.P. 6(e) states that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period."

9006(a) provides that "[w]hen the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Because the period of time prescribed for filing a motion for reconsideration is 10 days, intermediate Saturdays, Sundays, and the Columbus Day holiday are to be included in the computation. The defendant's October 20, 1997 motion for reconsideration was not timely filed.

■ Corresponding to Fed.R.Civ.P. 6(e), Fed.R.Bankr.P. 9006(f) enlarges the time prescribed for certain filings.[5] It is well settled that Bankruptcy Rule 9006(f) applies only when a time period begins to run after service of a notice or paper, not when a time period begins to run, as in Loc.R.Civ.P. 9(e), after entry of an order. *See Arbuckle v. First Nat'l Bank*, 988 F.2d 29, 31 (5th Cir. 1993); 10 Lawrence P. King, Collier on Bankruptcy ¶ 9006.12 (15th ed. rev.1997) ("Although pursuant to Rule 9022(a) the clerk is under a duty to serve a notice of the entry of an order or judgment by mail, the appeal time starts from the entry of the judgment and not from the service of the notice, and the time for appeal is not enlarged by any service by mail. Rule 9006(f) has no application.") Because the time period for filing a motion for reconsideration begins to run after the entry of an order, Rule 9006(f) did not enlarge the defendant's time to file such motion.

### III.

The court concludes that the motion for reconsideration was untimely filed and, accordingly, it must be denied. It is

SO ORDERED.

---

**5.** Fed.R.Bankr.P. 9006(f) provides that "[w]hen there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period."